IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS CURETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1107-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Petitioner Thomas Cureton's Motion for Leave to Amend his pending 28 U.S.C. § 2255 Motion (Doc. 25), which the Government opposes (Doc. 29).

## Background

On November 17, 2010, a federal grand jury returned an indictment charging Petitioner with five weapon and drug related charges in Criminal Case No. 10-30106, including: Count 1: felon in possession of a firearm, Counts 2-4: distribution of cocaine base near a school, and Count 5: distribution of cocaine base (Case No. 10-30106, Doc. 42).

On April 20, 2011, a federal grand jury returned an indictment charging Petitioner with four charges in Criminal Case No. 10-30200, including: Count 1: interstate communication of ransom request, Count 2: possession of a firearm in furtherance of a crime of violence, Count 3: attempted extortion, Count 4: possession of a firearm in furtherance of a crime of violence (Case No. 10-30200, Doc. 31).

1

These two cases were jointly tried on all charges in August 2011. A jury returned guilty verdicts on all four counts in Case No. 10-30200 (Case No. 10-30200, Docs. 39, 81, 83, 85), and four counts in Case No. 10-30106 (Case No. 10-30106, Docs. 125, 127, 129, 131, 133). Petitioner was found not guilty on Count 5: distribution of cocaine base (Case No. 10-30106, Doc. 133). Following multiple appeals, on November 13, 2015, Petitioner was sentenced to 444-months imprisonment, to be followed by 12 years of supervised release (Case No. 10-30105, Doc. 244; Case No. 10-30200, Doc. 198). These judgments were affirmed on May 2, 2018 (Case No. 10-30105, Doc. 269; Case No. 10-30200, Doc. 234).

## Discussion

Petitioner seeks to vacate the sentences imposed in both criminal cases under 28 U.S.C. § 2255 (Doc. 1). His original motion raises eight claims for ineffective assistance of counsel, and a claim under *Rehaif v. United States*, 204 L. Ed. 2d 594 (June 21, 2019). The Government fully briefed these issues and argued, among other deficiencies, that Petitioner's *Rehaif* claim is procedurally defaulted (Doc. 11). By Petitioner's Motion for Leave, he now seeks to include an additional claim under *United States v. Davis*, 204 L. Ed. 2d 757 (June 24, 2019). The Government opposes this amendment, arguing that the amendment is futile for two reasons. First, the Government argues that *Davis* has no bearing on Petitioner's conviction. Second, the Government argues that Petitioner's reframing of his defaulted *Rehaif* claim as an ineffective assistance of counsel claim fails for the same reasons his other ineffective assistance of counsel claims will fail. Thus, the Government maintains that any amendment is futile, and the Motion should be denied.

Despite the alleged deficiencies raised by the Government, the Court finds it appropriate to allow Petitioner to file his Amended Motion. Further, as the Government has already fully briefed most of the issues raised by the Amended Motion, any potential prejudice will be minimal. Accordingly, Petitioner's Motion for Leave to Amend (Doc. 25) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Petitioner's proposed motion and exhibits *instanter*. The Government is **DIRECTED** to respond to the Amended Motion by **November 30, 2022**. Petitioner may file a reply, if at all, by **December 21, 2022**. The reply should be limited to 5 pages.

The Court has also reviewed the supplemental Motions submitted by Petitioner, and will consider those additional authorities, to the extent they are relevant, in ruling on Petitioner's Amended Motion. Accordingly, those Motions (Doc. 30, Doc. 32, Doc. 33, Doc. 34) are **GRANTED**. To the extent necessary, the Government is **DIRECTED** to respond to any additional arguments raised by Petitioner in his Supplements (*See* Doc. 32, Doc. 33, Doc. 34, Doc. 35) in its response.

Finally, because significant briefing has already been submitted by the parties, and that briefing appears relevant to Petitioner's Amended Motion, no requests for extensions of time will be granted absent a showing of extraordinary circumstances.

**SO ORDERED.**

Dated: October 18, 2022

                                            DAVID W. DUGAN
                                            United States District Judge