IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS CURETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1107-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Pending before the Court is a Motion for Reconsideration filed by Petitioner Thomas Cureton pursuant to Federal Rule of Civil Procedure 59(e) ("Motion"). (Docs. 42 and 43).[1] Liberally construed, Cureton's Motion for Reconsideration asks this Court to reconsider its order dismissing his petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255, or in the alternative to certify his case for appeal.[2] The Government has not responded to the Motion. For the reasons set forth below, the Motion is denied.

---

[1] Cureton filed two motions to reconsider (Docs. 42 & 43). The Court has reviewed both motions and they appear to be identical. To avoid confusion, the Court treats the motions as a single motion and refers to the first filed motion to reconsider (Doc. 42) throughout this Order.

[2] Initially, Cureton only asks the Court to reconsider its decision not to issue a certificate of appealability, arguing that reasonable jurists could debate whether the petition should have been resolved in a different manner. However, at the close of the Motion, Cureton asks the Court to vacate its order in its entirety and set the matter for an evidentiary hearing.

I.  DISCUSSION[3]

Cureton's Motion was filed within 28 days of the entry of judgment[4] and is labeled as being filed pursuant to Rule 59(e). But "whether a motion filed within 28 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within 28 days of judgment would be considered as Rule 59(e) motions – no longer applies")). As petitioner purportedly challenges the Court's substantive application of law, the Court treats his motion as one under Rule 59(e). *See* Obriecht, 517 F.3d at 493–94.

A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence. *See* Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir.1996); *see also* Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir.1985). Thus, Rule 59(e) allows a court to alter or amend a previous order only if the movant demonstrates a manifest error of law or presents newly discovered evidence. *Sigsworth v.*

---

[3] The Court assumes familiarity with its prior decision, which included an extensive discussion as to the factual and procedural background of this case. (Doc. 40).

[4] Under the prison "mailbox rule," a document filed by a *pro se* prisoner is considered to be "filed" at the moment the inmate delivers it to prison authorities for mailing, rather than on the date it is received by the Court. *See* Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) (holding that the mailbox rule applies to motions filed pursuant to Rule 59(e), under the reasoning of Houston v. Lack, 487 U.S. 266 (1988) ). In the instant case, judgment was entered on March 31, 2023. (Doc. 41). Both of Cureton's motions state that they were placed in the prison mailbox system on April 17, 2023. Accordingly, the motions were filed within 28 days of entry of judgment.

*City of Aurora,* 487 F.3d 506, 511–12 (7th Cir.2007). However, it is well-settled that it is improper "to advance argument or theories that could and should have been made before the district court rendered a judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse,* 90 F.3d at 1270.

In his 2255 Petition, Cureton raised numerous ineffective assistance of counsel claims. Claims of ineffective assistance of counsel in a Section 2255 motion are analyzed under the two-prong *Strickland* test. *McDowell v. Kingston,* 497 F.3d 757, 761 (7th Cir. 2007). *Strickland* held that a petitioner must illustrate that (1) the attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. failure to prove either deficient conduct or prejudice  invalidates an ineffective assistance claim, *see Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir.2002) ("A failure to establish either [*Strickland* ] prong results in a denial of the ineffective assistance of counsel claim.").

In the instant case, given the overwhelming amount of evidence presented at trial, the Court concluded that, even assuming counsel's performance was deficient,[5] Cureton could not establish prejudice. As a result, the Court found that Cureton could not prevail

---

[5] The Court, however, went on to find that counsel's performance was not deficient.

on any of his ineffective assistance of counsel claims. Cureton claims that this was erroneous because establishing prejudice does not require demonstrating that the defendant would have been acquitted of the crime. (Doc. 42, pp. 4-5). The Court, however, did not render its decision as to prejudice based on a finding that Cureton failed to establish he would have been acquitted but for counsel's alleged deficiencies. Rather, the Court found that, given the overwhelming evidence presented as to Cureton's guilt, Cureton could not "demonstrate that but for [counsel's] conduct 'there was a reasonable probability that the result of the proceeding would have been different." (Doc. 40, p. 13) (citing *Taylor v. Bradley*, 448 F.3d 942, 951 (7th Cir. 2006)). Thus, Cureton has not identified an error that would warrant reconsidering the Court's decision as to the second prong of the *Strickland* test or the Court's decision not to issue a certificate of appealability.

Cureton also argues that his counsel was deficient for claiming that Cureton was merely a "middleman."[6] Cureton argues that by presenting this argument, counsel failed to understand that he was necessarily admitting Cureton's guilt.[7] The Court thoroughly

---

[6] The evidence presented at trial overwhelmingly established that Cureton directly sold drugs to a confidential informant. In the face of this evidence, Cureton's counsel decided to downplay his role in distributing drugs, arguing that Cureton did not "knowingly and intentionally" distribute drugs to others, but instead was a middleman merely putting other dealers in touch with individuals. (Criminal Case, Doc. 114, p. 38).

[7] Specifically, Cureton argues as follows:
> [Counsel] was under the false impression that he could legally assert to the jury that [Cureton] was not guilty to the four drug transactions because [Cureton] was only a "middleman" to the said transactions. That legal conclusion was unequivocally contrary to controlling Seventh Circuit precedent on the issue – i.e., admitting that Cureton was a middleman to the transactions, was an actual admission of guilt, not innocence. *See U.S. v. Gutierrez,* 390 Fed. App'x. 596 (7th Cir. 2020) (stating that "[B]ecause a defendant who aids distribution – by, for example, arranging the delivery… is guilty of the crime as if he were the principle, see 18 U.S.C. 2, proof that the defendant himself possessed the contraband is not necessary for a distribution."

(Doc. 42, p. 6).

addressed this argument in the underlying opinion. As previously explained by the Court, this was a strategic decision and within the considerable deference afforded to counsel to provide a wide range of reasonable assistance. *See Strickland*, 466 U.S. at 689.[8] Moreover, Cureton does not challenge the Government's primary theory – that Cureton directly sold crack cocaine to the informant. Given the overwhelming evidence supporting the Government's primary theory, even if counsel had not presented the "middleman" argument, there is no reasonable probability that the jury would have reached a different result. Therefore, Cureton's ineffective assistance claim as to this issue also fails. The Court will not address this argument in any additional detail. *See Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (rejecting Rule 59(e) motion that "merely took umbrage with the court's ruling and rehashed old arguments").

## II. CONCLUSION

The Court finds that Petitioner Thomas Cureton has not demonstrated a manifest error of law or fact requiring reconsideration. Accordingly, the Rule 59(e) Motion to Reconsider (Docs. 42 & 43) is **DENIED**. The Motion for Discovery and Production of Documents is **DENIED** as **MOOT**.

SO ORDERED.

Dated: March 26, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

---

[8] The fact that the jury acquitted Cureton on one of the distribution charges demonstrates the jury did not conclude that the "middleman" argument was an admission of his guilt.